[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on a motion to strike count five alleging a recklessness cause of action for injuries sustained by a minor plaintiff when a refuse dumpster owned by the defendant and located on the property of another defendant tipped over and fell on him.
The minor plaintiff, Nathan Lopez, by his parent and guardian, Milka Cruz, filed a six count amended complaint on March 22, 2000, seeking damages from the defendants, Tobacco Valley Sanitation Services Company (Tobacco Valley) and Marconi Enterprises (Marconi). The plaintiff pleaded the following facts. On July 8, 1999, the minor plaintiff had implied or express permission of defendant Marconi to use its property located at 47 Franklin Avenue, Hartford, Connecticut for the purpose of using the refuse dumpster owned by defendant Tobacco Valley. The large steel dumpster had been placed upon a concrete pad, approximately eight inches in height, by defendant Tobacco Valley. The plaintiff was playing around and hanging on the dumpster when, without warning, it tipped over and CT Page 10913 fell on the plaintiff, crushing him. Counts one, two, four and six are directed to defendant Marconi and allege premises liability, negligence, recklessness and attractive nuisance, respectively. Counts three and five are directed to defendant Tobacco Valley and allege negligence and recklessness.
On April 6, 2000, defendant Tobacco Valley filed a motion to strike count five (#109)[1] together with a memorandum of law. The plaintiff timely filed an objection. The court heard oral argument at short calendar on May 22, 2000, and now issues this memorandum of decision.
 DISCUSSION
A motion to strike challenges "the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[T]he court is limited to the facts alleged in the complaint;" Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992); and "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
The defendant Tobacco Valley filed a previous motion to strike count five of the plaintiffs original complaint for insufficient allegations to support a recklessness cause of action, which motion was granted by the court, Graham, J., on March 6, 2000.[2] Thereafter, the plaintiff filed an amended complaint on March 22, 2000, adding new allegations to count five pleading violations of the Hartford Municipal Code §§ 15-12 and15-13 and General Statutes § 14a-7 subsections (2), (3) and (5) as a basis for a claim of recklessness.[3] The defendant Tobacco Valley again moves to strike count five on the ground that it fails to plead sufficient facts to state a recklessness cause of action.
The defendant argues that General Statutes § 47a-7 subsections (2), (3) and (5) do not provide a cause of action for recklessness in this type of case. The court agrees. Title 47a pertains only to landlords and tenants. In opposition, the plaintiff argues that the defendant Tobacco Valley was acting in concert with and on behalf of the landlord as the landlord's agent, servant or employee, and as such the statutory violations would apply to it as well. The court is limited "to a consideration of the facts alleged in the complaint." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. In his amended complaint, the plaintiff fails to allege a landlord/tenant relationship between himself and either of the defendants.[4] Accordingly, § 47a-7
does not apply to this case. Therefore the plaintiff's allegations of CT Page 10914 recklessness based on § 47a-7 are misplaced.
As regards the plaintiff's alleged violation of the Hartford Municipal Code §§ 15-12 and 15-13, the defendant argues that violation of an ordinance may constitute negligence per se but does not, in and of itself, constitute recklessness. The court need not further address the merit of the defendant's argument because in examining the cited sections it is apparent they are not applicable to this case. Section 15-12
discusses the maintenance of containers used for the storage of solid waste and § 15-13 defines defective containers. Specifications for such containers is provided in § 15-11. Section 15-11 requires containers to be "of such size as to be easily handled by one (1) person and in any case to have a capacity not in excess of thirty (30) gallons, and not less than ten (10) gallons." Clearly "a large and heavy steel dumpster" that has been "placed upon a concrete pad (approximately 8 inches in height)"; see amended complaint, count one, ¶ 6; such that could tip over and crush the plaintiff with its weight; see amended complaint, count one, ¶ 8; does not fit within the parameters of a container as defined in § 15-11. Accordingly, chapter 15 of the Hartford Municipal Code does not apply to this case. Therefore, the plaintiff's allegations of recklessness based on §§ 15-12 and 15-13 are also misplaced.
Reading the allegations in count five in a light most favorable to the plaintiff; see Pamela B. v. Ment, supra, 244 Conn. 308; and without reference to the alleged statutory or code violations, the court finds the plaintiff has only appended adjectives to allegations that sound in negligence. See Lopez v. Tobacco Valley Sanitation Service Co., Superior Court, judicial district of New Britain, Docket No. 499102 (March 6, 2000, Graham, J.). Accordingly, the court finds that count five fails to sufficiently allege a cause of action in recklessness. Therefore the defendant's motion to strike count five is granted.
BY THE COURT Hon. Andre M. Kocay, J.